**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| VIVIAN MELTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-05-1089-M |
| ) | |
| UNUM LIFE INSURANCE COMPANY ) | |
| OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the Court is Defendant's Motion for Summary Judgment Regarding the Statute of Limitations [docket no. 15], filed February 6, 2006. On February 20, 2006, Plaintiff filed her response. Based upon the parties' submissions, the Court makes its determination.

I.  INTRODUCTION[1]

On May 9, 2005, Plaintiff filed the instant action in the District Court in and for Oklahoma County, State of Oklahoma for breach of contract arising from Defendant's denial of Plaintiff's claim for disability benefits under the long-term disability insurance policy Plaintiff's employer purchased from Defendant in 1995. On September 19, 2005, Defendant removed this action to this Court on grounds that Plaintiff's claim for benefits arises under, and is governed by, the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq*. ("ERISA").

In the instant motion, Defendant asserts that this action is barred by the limitations period provided for in the policy at issue. Plaintiff asserts that the Court should apply the five (5) year limitations period provided for under Oklahoma state law, and that, therefore, the instant action is

---

[1]The following facts are described in the light most favorable to Plaintiff. Immaterial facts or factual averments not supported by the record are omitted.

not time-barred.

## II.       SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law" that is "where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).  When deciding whether summary judgment is appropriate, the Court views the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in their favor.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Simms v. Okla. ex rel. Dep't of Mental Health*, 165 F.3d 1321, 1326 (10th Cir. 1999).

At the summary judgment stage the Court's function is not to weigh the evidence, but to determine whether there is a genuine issue of material fact for trial.  *Willis v. Midland Risk Ins. Co.*, 42 F.3d 607, 611 (10th Cir. 1994).  "An issue is genuine if, [viewing the full record] there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson*, 477 U.S. at 248).  "The mere existence of a scintilla of evidence in support of the [Plaintiff]'s position is insufficient to create a dispute of fact that is 'genuine' . . . ." *Lawmaster v. Ward*, 125 F.3d 1341, 1347 (10th Cir. 1997).  "Instead, the nonmoving party must present facts such that a reasonable jury could find in its favor." *Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1175 (10th Cir. 1999). "An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim." *See Adler*, 144 F.3d at 670 (citing *Anderson*, 477 U.S. at 248).  Where the undisputed facts establish that a plaintiff cannot prove an essential element of a cause of action, defendant is

entitled to judgment on that cause of action. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), *cited in Rocking Chair Enters., LLC v. Macerich SCG Ltd. P'ship*, 407 F. Supp. 2d 1263 (W.D. Okla. 2005).

III.  DISCUSSION

"ERISA contains no statute of limitations which governs claims under section 1132(a)(1)(B) or section 1132(c)."[2] *Lang v. Aetna Life Ins.* Co., 196 F.3d 1102, 1104 (10th Cir. 1999). "Courts therefore look to the 'most analogous' state statute of limitations, *or* if the plan itself contains a limitations period, to the plan if the contractual limitations period is reasonable." *Moore v. Berg Enterprises, Inc.*, No. 98-4080, 1999 WL 1063823 at *2 (10th Cir. 1999)[3] (citing *Northlake Reg'l Med. Ctr. v. Waffle House Sys. Employee Benefit Plan*, 160 F.3d 1301 (11th Cir. 1998)).

Plaintiff does not argue that the policy's limitation period is unreasonable. Rather, Plaintiff contends that it would be inequitable for the Court to apply it because she was never provided with a copy of the policy. Beyond Plaintiff's bare statement that she was not given a copy of the policy, the Court can find no evidence to support her assertion. Plaintiff would have this Court believe that she filed a claim for benefits, an appeal of the initial denial, and an appeal of the subsequent denial under the policy all without having ever seen a copy of the policy. Additionally, Plaintiff would have this Court believe that although she did not know about the policy's statute of limitations, but did know about the five-year statute of limitations provided for under Oklahoma law and that she "assumed that Oklahoma law would prevail on the issue of statute of limitations." Plaintiff's

---

[2]Although Plaintiff's claim is characterized as a "breach of contract" claim, the Court finds that it is properly construed as one brought pursuant to 29 U.S.C. § 1132(a)(1)(B).

[3]This unpublished decision is cited for its persuasive value pursuant to Tenth Circuit Rule 36.3.

Response at 4 and 8. Furthermore, each letter of denial Plaintiff received from Defendant referenced the policy, and the September 13, 1990 letter specifically refers to the "elimination period." Also, Plaintiff does not state that she ever even asked for a copy of the policy.

In light of these circumstances, the Court finds that Plaintiff's claim is unavailing. "[E]ven individuals without sophisticated business experience are aware that policies of insurance contain cutoff points beyond which claims are not permitted." *Moore v. Berg Enters., Inc.*, 3 F. Supp. 2d 1245, 1247 (D. Utah 1998). Having reviewed the parties submissions, the Court finds that Plaintiff's statement represents a "mere scintilla" of evidence and that no reasonable jury could find that she did not receive a copy of the policy at issue.

The policy precludes any action to recover benefits which is commenced more than three (3) years after the time "proof of claim" is required. Policy attached as Exhibit 2 to Defendant's Motion at 26. "Proof of claim" is required no later than 90 days after the end of the elimination period. *Id.* at 25. [4] The "elimination period" is defined as "a period of consecutive days of total disability for which no benefit is payable." *Id.* at 7. The "elimination period" begins on the first day of disability and lasts for 180 days. *Id.* at 4 and 7. The Court finds that the policy's limitations period is reasonable and, therefore, will apply the policy's statute of limitations period to the case at bar.[5]

---

[4] The policy also provides that "if it is not possible to give proof within these time limits, it must be given as soon as reasonably possible. But proof of claim may not be given later than one year after the time proof is otherwise required." Policy attached as Exhibit 2 to Defendant's Motion at 25. Plaintiff does not assert that this provision applies to the case at bar, and the Court, therefore, will not consider it when calculating the applicable limitations period under the policy.

[5] The Court would note that shortly after filing suit in this case Plaintiff received a letter from Defendant describing a claim reassessment program for which Plaintiff's claim was eligible. The letter states that the "applicable statute of limitations will be tolled during the pendency of the reassessment process." Letter attached as Exhibit 3 to Plaintiff's Response at 5. However, because Plaintiff has not asserted, or presented any evidence, that she elected to participate in the claim

Accordingly, the Court finds that once Plaintiff had been disabled for 180 days, she had 90 days to submit proof of a claim. Once that 90-day period ended, Plaintiff had three (3) years to bring this action.

Plaintiff asserts that she became disabled on April 22, 1999. Employee's Statement of Disability attached as Exhibit 1 to Defendant's Motion at 1. Accordingly, she had three years and 270 days, or until January 17, 2003, to bring this action. Plaintiff filed this suit on May 9, 2005, more than two years after the limitations period had expired.

Having carefully considered the parties' submissions, and viewing the evidence in the light most favorable to Plaintiff, the Court finds that no genuine issue of material fact remains and that the instant action is time barred. Accordingly, the Court finds that Defendant is entitled to summary judgment.

IV.   CONCLUSION

For the reasons set forth in detail above, the Court GRANTS "Defendant's Motion for Summary Judgment Regarding Statute of Limitations" [docket no. 15].

**IT IS SO ORDERED this 29th day of September, 2006.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

reassessment program, the Court finds that this tolling provision does not apply to the case at bar.